UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSE MELENDREZ, JR.,

        Plaintiff,

v.                                                    Case No. 10-C-1135

ERIC HOLDER, et al.,

        Defendants.

## DECISION AND ORDER

Plaintiff filed a 36-page complaint detailing his long and tortuous history of litigation in the federal courts.[1] In this action, he sues several federal prosecutors and a number of federal district and circuit judges in Wisconsin and Texas. According to the complaint, things began in 1997 when he filed a complaint with the United States Attorney's Office in San Antonio, Texas regarding certain law enforcement officials. Since then he has filed a number of *pro se* federal complaints, but he asserts that evidence has been concealed along the way by various government officials and court clerks. Along the way he filed a federal petition for habeas corpus, and in this lawsuit (and apparently in others) he sues the judges who denied that petition. He then filed a judicial

---

[1] It is the practice of this court to screen *pro se* filings, regardless of payment of the filing fee, to ensure that the judicial process is not being used to harass or otherwise harm innocent parties. *See* 28 U.S.C. § 1915(e)(2)(B). *Hoskins v. Poelstra,* 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service.")

misconduct complaint about those judges with the Fifth Circuit, and upon receiving an unfavorable result he now sues the judges of the Fifth Circuit who dismissed his misconduct charge. After that, he sought further administrative and judicial relief. A case filed in this district against several of the same defendants was recently transferred to the Western District of Texas. He appealed that transfer in the Seventh Circuit, but that court denied relief. In this lawsuit he now sues Judge Randa, who ordered the transfer, as well as the judges of the Seventh Circuit who ruled on his appeal.

The thrust of his complaint is that most of the named Defendants are members of a conspiracy to suppress evidence relating to a criminal marijuana conspiracy case involving the Plaintiff. In addition, they conspired to pretend that Plaintiff had filed a similar lawsuit in Texas when in fact he had merely filed what he describes as an "administrative complaint." The complaint essentially alleges that these Defendants concocted a bogus reason to transfer his case to Texas and all of the judges along the way allowed this illegal activity to continue. These actions all amount to violations of criminal law, as well as violations of Plaintiff's right to due process; they further constitute "deceit," libel, fraudulent misrepresentation, negligent misrepresentation, and the like. For relief, Plaintiff seeks the modest sum of $250,000,000.

It is clear that this complaint does not state a claim upon which relief may be granted. Although Plaintiff appears to be frustrated with the judicial system, the fact that he is dissatisfied with his appeals does not mean he can sue the judges who ruled against him. Although there are countless reasons why the complaint must be dismissed, the most apparent is that the actions about which Plaintiff complains do not state a plausible claim for relief. The Supreme Court has ruled that dismissal of a complaint is required if the facts as pled do not state a "plausible" claim for

2

relief. *Ashcroft v. Iqbal,* 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009). A complaint must allege facts that allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Notwithstanding the fact that most of the defendants are immune from lawsuits relating to their official activities, the idea that Plaintiff is the victim of a massive conspiracy involving nine federal judges, three federal prosecutors and a court clerk is frivolous. The complaint will therefore be **DISMISSED**. Plaintiff is warned that similar filings may result in monetary or other sanctions.

**SO ORDERED** this   17th   day of December, 2010.

      s/ William C. Griesbach
      William C. Griesbach
      United States District Judge